Filed 4/21/26  P. v. Guy CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>VINCENT GUY,<br><br>Defendant and Appellant. | A174672<br><br>(San Francisco City & County<br>Super. Ct. No. CRI-22006380) |

Defendant and appellant Vincent Guy (appellant) appeals from the judgment entered following denial of his motion to suppress and subsequent guilty plea.  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  We have reviewed the record, find no arguable issues, and affirm.

BACKGROUND

In March 2025, the San Francisco District Attorney filed an information charging appellant with (1) possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1));[1] (2) unlawful carrying of a loaded firearm (§ 25850, subd. (a)); (3) carrying a concealed firearm in a vehicle (§ 25400,

---

[1] All undesignated statutory references are to the Penal Code.

subd. (a)(1)); (4) unlawful possession of ammunition (§ 30305, subd. (a)(1)); (5) unlawful possession of body armor (§ 31360, subd. (a)); and (6) resisting arrest (§ 148, subd. (a)(1)).

The charges arose out of a June 2022 incident during which appellant ran a red light, failed to respond to an officer's directive to stop, and crashed his car into a pole. The police decided to tow the car because appellant had a prior violation for driving on a suspended license (Veh. Code, § 14601); because the car was involved in a hit-and-run; and because the car was not legally parked. An inventory search was conducted in accordance with San Francisco Police Department General Order No. 9.06. During the inventory search, the police found a loaded semiautomatic handgun under the driver's seat and ammunition and a bulletproof vest in the backseat.

Prior to the filing of the March 2025 information, in April 2023, appellant moved to suppress the evidence from the search of his car. The trial court concluded the police officers properly conducted an inventory search pursuant to police department policy.

In June 2025, the trial court heard and denied a renewed motion to suppress. The court found there was sufficient evidence that the police were "operating off of an existing" policy during the search of appellant's car. The court also found "sufficient evidence that this search was not a ruse for general rummaging" or "pretextual." Finally, the court found "there were sufficient community caretaking reasons. When he arrived at the scene, [one officer] noted that [appellant's car] was illegally parked because at least part of it was on the sidewalk. And both he and [another officer] concluded that such placement of the vehicle was a public safety risk. He also testified that where a vehicle isn't legally parked and presents a public safety risk, was

2

used to evade an officer, or is abandoned, or has been involved in a hit-and-run, the vehicle isn't permitted to be left on the scene and it's towed."

In August 2025, appellant pled guilty to carrying a concealed firearm in a vehicle, and all remaining counts were dismissed.  In October, the trial court imposed a 16-month sentence, with 964 days of credit.  The court also imposed and suspended fines and fees.  Appellant filed a notice of appeal based on denial of his motion to suppress.

## DISCUSSION

The trial court did not err in denying appellant's motion to suppress. The evidence showed the search was a valid inventory search.  (See, e.g., *People v. Lee* (2019) 40 Cal.App.5th 853, 867–869; *People v. Shafrir* (2010) 183 Cal.App.4th 1238, 1245–1248.)

The sentence imposed by the trial court was proper, as were the fines and assessments.

Appellate counsel advised appellant of his right to file a supplemental brief to bring to this court's attention any issue he believes deserves review. (See *People v. Kelly* (2006) 40 Cal.4th 106.)  Appellant did not file a supplemental brief.  There are no legal issues that require further briefing.

## DISPOSITION

The trial court's judgment is affirmed.


SIMONS, J.


We concur.

JACKSON, P. J.
CHOU, J.


(A174672)

3